UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW B. GILDEA,

                Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK,

                Defendant.

1:25-CV-3361 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Andrew B. Gildea, who is currently held in the Tompkins County Jail, in Ithaca, Tompkins County, New York, filed a *pro se* complaint commencing this civil action in which he seeks his release from confinement while his state-court criminal action is pending in the Caroline Town Court, located in Slaterville Springs, Tompkins County, New York; he also seeks other injunctive relief and damages. Gildea sues the People of the State of New York, asserting claims arising from his continued confinement while his Caroline Town Court criminal action is pending. To the extent that he seeks his immediate release from confinement, the Court understands his complaint as seeking *habeas corpus* relief under 28 U.S.C. § 2241. To the extent, however, that he seeks other injunctive relief and damages, the Court construes his complaint as seeking relief under 42 U.S.C. § 1983. For the reasons set forth below, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

**A.**    *Habeas corpus* **relief under 28 U.S.C. § 2241**

This court does not have jurisdiction to consider Gildea's claims for *habeas corpus* relief under 28 U.S.C. § 2241. In order to entertain such claims for relief, a court must have jurisdiction over the custodian of the person seeking such relief. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the

prisoner who seeks relief, but upon his or her custodian). Thus, jurisdiction to consider claims for Section 2241 *habeas corpus* relief challenging a person's physical confinement generally lies in the federal district court for the judicial district within which that person is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Gildea asserts that he is currently detained in the Tompkins County Jail, in Ithaca, Tompkins County, New York. Tompkins County lies within the Northern District of New York. *See* 28 U.S.C. § 112(a). Thus, this court lacks jurisdiction to consider Gildea's claims for Section 2241 *habeas corpus* relief; the only federal district court that has such jurisdiction (over Gildea's custodian) is the United States District Court for the Northern District of New York. In the interest of justice, this Court transfers Gildea's claims for Section 2241 *habeas corpus* relief to that court. *See* 28 U.S.C. §§ 1406(a), 1631.

**B.      Claims for relief under 42 U.S.C. § 1983**

This court is also not the most appropriate venue for Gildea's claims under 42 U.S.C. § 1983. The applicable venue provision for such claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The Court understands that Gildea's reference to the "People of the State of New York" is actually a reference to the State of New York. The State of New York resides in all of the four

federal judicial districts that constitute the State of New York, including this judicial district.[1] Thus, it is arguable that, under Section 1391(b)(1), this court, and every other federal district court for the judicial districts that constitute the State of New York, *see* 28 U.S.C. § 112, including the United States District Court for the Northern District of New York, is a proper venue for Gildea's claims under Section 1983.

In addition, because Gildea alleges that a substantial part, if not, all of the alleged events giving rise to his claims under Section 1983 have occurred in Tompkins County, within the Northern District of New York, *see* § 112(a), under Section 1391(b)(2), the United States District Court for the Northern District of New York, and not this court, is a proper venue for Gildea's claims under Section 1983.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for Gildea's claims under Section 1983. Because many, if not, all of the alleged events giving rise to his claims under Section 1983 have occurred in Tompkins County, within the Northern District of New York, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Northern District of New York, which is a proper venue for these claims under both Section 1391(b)(1) and (2), appears to be a more convenient forum for these claims. Accordingly, the Court, as it does with Gildea's claims for *habeas corpus* relief under Section 2241, transfers his claims for relief under Section 1983 to the United States District Court for the Northern District of New York. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONLCUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York.[2] Whether Gildea should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

Because Gildea makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[2] This Court defers to the transferee court as to whether to grant Gildea notice and an opportunity to withdraw his claims for Section 2241 *habeas corpus* relief before proceeding with them further in this action. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 14, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge